IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ASSOCIATION OF APARTMENT OWNERS OF KOKO ISLE, <br><br> Plaintiff, <br><br> vs. <br><br> OTHA S. REDMOND; YVONNE CASTRO REDMOND; JOHN DOES 1-20; JANE DOES 1-20; DOE PARTNERSHIPS 1-20; DOE ASSOCIATIONS 1-20; DOE CORPORATIONS 2-10; DOE ENTITIES 1-20 AND DOE GOVERNMENTAL UNITS 1-20, <br><br> Defendants. | CIVIL NO. 14-00161 SOM-RLP <br><br> FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF ASSOCIATION OF APARTMENT OWNERS OF KOKO ISLE'S MOTION TO REMAND |

FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF ASSOCIATION
OF APARTMENT OWNERS OF KOKO ISLE'S MOTION TO REMAND[1]

Before the Court is Plaintiff Association of Apartment Owners of Koko Isle's Motion to Remand, filed May 2, 2014. ECF No. 11. Defendants filed an Opposition to the Motion on May 16, 2014. ECF No. 26. Plaintiff filed its Reply on May 30, 2014. ECF No. 27. The Court found this matter suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii. ECF No. 18. After carefully reviewing the submissions

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

of the parties and the relevant legal authority, the Court FINDS that this case was not properly removed and RECOMMENDS that the district court GRANT Plaintiff's Motion to Remand.

BACKGROUND

Plaintiff filed this action in the Circuit Court of the First Circuit, State of Hawaii, seeking injunctive relief, compensatory damages, and attorneys' fees and costs related to Defendants' alleged violation of various condominium documents, building ordinances, and permit requirements. See ECF No. 1-1, Compl. Plaintiff alleges that Defendants altered common elements and their condominium by constructing a balcony, installing a sliding glass door, and removing hurricane clips without obtaining the required consent, approval, or building permits. Id. ¶¶ 25-46. In the Notice of Removal, Defendants assert that this lawsuit "involves the provisions of the Fair Housing Act," which Defendants contend have been violated by Plaintiff. ECF No. 1 at 3-4.

DISCUSSION

The defendant who invokes the federal court's removal jurisdiction has the burden of establishing that removal was proper. Washington v. Chimei Innolux Corp., 659 F.3d 842, 847 (9th Cir. 2011). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." Moore-Thomas v. Alaska Airlines, Inc., 552 F.3d

1241, 1244 (9th Cir. 2009); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

**I. Defendants Improperly Removed This Action.**

Although the Notice of Removal states that this action is removable based on the diversity of the parties and federal question jurisdiction, see ECF No. 1 at 1-4, Defendants apparently concede that removal is not appropriate on those two grounds because they do not assert either of them in their Opposition. See ECF No. 26. Instead, Defendants argue that this action is removable under the civil rights removal statute, 28 U.S.C. § 1443(1). See ECF No. 26 at 13-16.

Under Section 1443(1), a defendant who cannot enforce a federal civil right in state court may remove the action to federal court. 28 U.S.C. § 1443(1). Section 1443(1) provides:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof.

28 U.S.C. § 1443(1).

In order to establish removal jurisdiction under

3

Section 1443(1), Defendants must satisfy two requirements. See Patel v. Del Taco, Inc., 446 F.3d 996, 998–999 (9th Cir. 2006) (citing Georgia v. Rachel, 384 U.S. 780, 788–92 (1966); City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 824–28 (1966)). First, Defendants must assert a civil right given to them by "explicit statutory enactment." California v. Sandoval, 434 F.2d 635, 636 (9th Cir. 1970). Second, Defendants must assert "that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." Id. Removal under Section 1443(1) is only warranted "if it can be predicted by reference to a law of general application that the defendant will be denied or cannot enforce the specified federal rights in the state courts." Rachel, 384 U.S. at 800.

      Here, the Court finds that Defendants have not met their burden. Assuming that Defendants' assertion in their Notice of Removal that Plaintiff has violated the Fair Housing Act meets the first requirement, Defendants fail to meet the second requirement for removal under Section 1443(1). Defendants do not assert that the state court will not enforce their rights under the Fair Housing Act. See ECF No. 26 at 14–16. Instead, Defendants argue that removal is appropriate because the federal court has "expertise" in addressing federal laws. ECF No. 14-15.

This argument ignores the requirements for removal jurisdiction under Section 1443(1) and is without merit. Defendants have failed to establish that this action is removable under Section 1443(1).

Defendants also argue in their Opposition that the Court should deny remand on the basis of "judicial economy." ECF NO. 26 at 16. Defendants note that they have filed an action against Plaintiff in federal court with overlapping factual allegations. Id. Defendants do not provide any authority that permits removal on the basis of judicial economy. Defendants' argument regarding judicial economy is without merit and does not provide a basis for removal.

**II. An Award of Just Costs and Actual Expenses Under 28 U.S.C. § 1447(c) is Appropriate.**

Where a case is improperly removed, the court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The court has "wide discretion" to award expenses under Section 1447(c). Moore v. Permanente Med. Grp., 981 F.2d 443, 447 (9th Cir. 1992). However. "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

Here, Defendants lacked an objectively reasonable basis for removing the action. As noted above, Defendants apparently abandoned the bases for removal stated in their Notice of Removal and ignored binding Supreme Court and Ninth Circuit precedent regarding the requirements for removal under Section 1443(1) in their Opposition. Defendants' improper removal has resulted in delaying the timely litigation of this case in the appropriate state forum and increased costs to Plaintiff and the Court. For these reasons, the Court finds that an award of attorneys' fees and costs is appropriate. Plaintiff shall file a declaration regarding the costs and expenses incurred as a result of the removal no later than fourteen days after this Findings and Recommendation is acted upon by the district court. The declaration should contain sufficient information for the Court to determine the reasonableness of the work completed and the hourly rates requested. Defendants may file a response to the declaration no later than fourteen days after Plaintiff's filing; no reply shall be permitted.

## CONCLUSION

The Court finds that Defendants improperly removed this action and recommends that the district court GRANT Plaintiff's Motion to Remand this action to the First Circuit, State of Hawaii. See 28 U.S.C. § 1447(c).

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, JUNE 6, 2014.



/s/ Richard L. Puglisi
Richard L. Puglisi
United States Magistrate Judge


**ASS'N OF APT. OWNERS OF KOKO ISLE V. REDMOND, ET AL., CIVIL NO. 14-00161 SOM-RLP; FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION TO REMAND**