IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ASSOCIATION OF APARTMENT OWNERS OF KOKO ISLE, | ) CIVIL NO. 14-00161 SOM-RLP<br>)<br>) FINDINGS AND RECOMMENDATION TO |
| Plaintiff, | ) AWARD PLAINTIFF ASSOCIATION OF<br>) APARTMENT OWNERS OF KOKO ISLE |
| vs. | ) $11,390.89 IN COSTS AND EXPENSES<br>) PURSUANT TO 28 U.S.C. § 1447(c) |
| OTHA S. REDMOND; YVONNE CASTRO REDMOND; ET AL., | )<br>)<br>) |
| Defendants. | ) |
| _____ | ) |

FINDINGS AND RECOMMENDATION TO AWARD PLAINTIFF
ASSOCIATION OF APARTMENT OWNERS OF KOKO ISLE $11,390.89
IN COSTS AND EXPENSES PURSUANT TO 28 U.S.C. § 1447(c)[1]

On June 6, 2014, the Court issued its Findings and Recommendation to Grant Plaintiff's Motion for Remand.  ECF No. 29.  In its Findings and Recommendation, the Court found that Defendants lacked an objectively reasonable basis for removing the action and that an award of just costs and actual expenses under 28 U.S.C. § 1447(c) was appropriate.  Id. at 5-6.  The District Judge issued an Order Adopting Magistrate Judge's Findings and Recommendation on June 23, 2014.  See ECF No. 30.  Plaintiff's counsel filed a declaration regarding the costs and expenses incurred as a result of removal, which is currently

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court.  A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation.  If no objections are filed, no appellate review will be allowed.

before the Court.  ECF No. 35.  Although Defendants were permitted to file a response, they did not do so.  See ECF No. 29 at 6.

## DISCUSSION

Where a case is improperly removed, the court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  Here, Plaintiff requests $11,390.89 in costs and expenses incurred as a result of removal, including $11,112.45 in attorneys' fees and $278.44 in costs.  Decl. of Dan C. Oyasato for Attorney's Fees and Costs ("Oyasato Decl."), ECF No. 35, ¶¶ 6-8.

Reasonable attorney's fees are generally based on the traditional "lodestar" calculation, which multiplies "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate."  Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  The lodestar calculation applies to attorney's fees awarded pursuant to 28 U.S.C. § 1447(c).  See Ramos v. Murakami, Civ. No. 06-00126 HG-LEK, 2006 WL 3248376, at *5 (D. Haw. Nov. 6, 2006).

First, to determine the number of hours reasonably expended the Court must determine if the fees requested were reasonably necessary to achieve the results obtained.  See Tirona v. State Farm Mut. Auto. Ins. Co., 821 F. Supp. 632, 636 (D. Haw. 1993) (citations omitted).  A court must guard against awarding

fees which are excessive, duplicative, or unnecessary.  See id. at 637 (citing INVST Fin. Grp. v. Chem-Nuclear Sys., 815 F.2d 391, 404 (6th Cir. 1987)).  The Court has carefully reviewed the time entries provided by Plaintiff's counsel and finds that the time requested is reasonable.  See ECF No. 35-3 at 1-6.

Second, in determining the reasonableness of an hourly rate, courts consider the experience, skill, and reputation of the attorneys requesting the fees.  See Webb v. Ada Cnty., 285 F.3d 829, 840 & n.6 (9th Cir. 2002).  The reasonable hourly rate should reflect the prevailing market rates in the community.  See id.  Plaintiff requests $220.00 per hour for Mr. Oyasato, who has over twenty-five years of experience, and requests $105.00 per hour for Ms. Turqueza, a paralegal with Mr. Oyasato's office.  Oyasato Decl., ECF No. 35, ¶ 5.  Based on this Court's knowledge of the community's prevailing rates and Plaintiff's counsel's submission, the Court finds that the hourly rates requested are reasonable.  Multiplying the hours requested by the hourly rates, the Court finds that Plaintiff's request of $11,112.45 in attorneys' fees is reasonable.

Finally, the Court has reviewed the costs requested by Plaintiff and finds that the $278.44 in copying, postage, and messenger costs are reasonable.  Id. at 3, 7.

CONCLUSION

The Court FINDS AND RECOMMENDS that the district court

AWARD Plaintiff Association of Apartment Owners of Koko Isle $11,390.89 in costs and actual expenses incurred as a result of removal pursuant to 28 U.S.C. § 1447(c).

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, July 23, 2014.



/s/ Richard L. Puglisi
Richard L. Puglisi
United States Magistrate Judge

**ASSOCIATION OF APARTMENT OWNERS OF KOKO ISLE V. REDMOND, ET AL., CIVIL NO. 14-00161 SOM-RLP; FINDINGS AND RECOMMENDATION TO AWARD PLAINTIFF ASSOCIATION OF APARTMENT OWNERS OF KOKO ISLE $11,390.89 IN COSTS AND EXPENSES PURSUANT TO 28 U.S.C. § 1447(c)**